IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NED D. BUNN, II, | ) | CASE NO. 3:14 CV 2317 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

**A.     Nature of the case and proceedings**

Before me[1] is an action by Ned D. Bunn, II under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 16. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 12.

[5] ECF # 7.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] After review of the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument.

**B.      Background facts and decision of the Administrative Law Judge ("ALJ")**

Bunn, who was 42 years old at the time of the administrative hearing,[10] has a twelfth grade education, but did not graduate from high school.[11] He is not married and has no children.[12] His past relevant work experience is listed as a hand packager, welder, and a cook.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Bunn had the following severe impairments: brain mass with tumor resection; headaches; disorder of the bilateral knees; obesity; bilateral carpal tunnel syndrome; and anxiety.[14]

---

[6] ECF # 13.

[7] ECF # 14 (Bunn's brief); ECF # 19 (Commissioner's brief).

[8] ECF # 20 at 3-6 (Bunn's charts); ECF # 19-1 (Commissioner's charts).

[9] ECF # 20 at 1-2 (Bunn's fact sheet).

[10] *Id.*

[11] Transcript ("Tr.") at 69.

[12] *Id.* at 249-250.

[13] *Id.* at 69.

[14] *Id*. at 39.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Bunn's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: lift and carry 10 pounds occasionally, 10 pounds frequently; occasional pushing and pulling within those weight limits; standing and walking would be limited to 2 hours out of an 8-hour workday, with no prolonged walking greater than 30 minutes at a time with the claimant permitted to use a cane for walking distances; no ladders, ropes, or scaffolds; no work involving exposure to hazards, such as unprotected heights, operating dangerous or fast moving machinery, or operation of commercial vehicles; frequent fingering or handling; limited to unskilled, simple, repetitive tasks; non-public work with only occasional, superficial contact with supervisors and co-workers in a predictable work environment.[15]

The ALJ decided that this residual functional capacity precluded Bunn from performing his past relevant work as a hand packager.[16]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Bunn could perform.[17] The ALJ, therefore, found Bunn not under a disability.[18]

---

[15] *Id.* at 43.

[16] *Id.* at 50.

[17] *Id.* at 51.

[18] *Id.*

**C.     Issues on judicial review and decision**

Bunn asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Bunn presents the following issues for judicial review:

- Whether the ALJ improperly ignored objective evidence that the Plaintiff is disabled at Step 5 of the Sequential Evaluation as he is unable to perform any competitive employment.

- Whether the opinions of the Plaintiff's treating physician – in particular, Dr. Ghazala Perven – have been afforded appropriate weight.[19]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence.

---

[19] ECF # 14 at 1.

> Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[20]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[21] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[22]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.  Application of standards**

This case presents the related questions of whether Dr. Ghazala Perven, M.D., is a treating source under the facts of this case, and if so, whether his functional capacity opinion was properly evaluated under the treating source rubric.

---

[20] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[21] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Essentially, in October, 2012 Bunn was referred to Dr. Perven - a neurologist at the University of Toledo Medical Center - by Dr. Subrahmanyam Chodisetty, M.D.[23] Dr. Chodisetty is characterized by the ALJ in her opinion as "[Bunn's] attending physician,"[24] and in a treatment note dated May 17, 2012, Dr. Chodisetty states that he saw Bunn on that occasion "in continuation of neurological care" provided by Toledo Neurological Associates.[25] Indeed, the ALJ's opinion observes that Bunn was seen again for headaches by Dr. Chodisetty in September, 2012,[26] and yet again by other physicians at Toledo Neurological Associates in October, 2012 for carpal tunnel syndrome.[27]

Bunn does not appear to have been seen by Dr. Perven after she performed the October 2012 consultative examination requested by Dr. Chodisetty until May 8, 2013, when Dr. Peven was asked to complete a "residual functional capacity questionnaire," apparently by Bunn's counsel in preparation for Bunn's disability application. Dr. Perven notes that her total contact with Bunn was limited to the initial consulting examination in October, 2012 and an apparent second visit at the time the questionnaire was completed.[28]

---

[23] Tr. at 1490.

[24] *Id*. at 48.

[25] *Id.* at 1362.

[26] *Id*. at 45.

[27] *Id*.

[28] *Id.* at 1648. In that regard, I note that in Dr. Peven's October, 2012 letter to Dr. Chodisetty reporting on the results of the consultative examination, there is a note that seems to indicate that Dr. Peven wanted to see Bunn for a follow-up visit in March, 2103. *Id.* at

As I discussed in more detail in *Mitchell v. Commissioner of Social Security,*[29] the regulation defining a treating source does not state that this determination can be reduced to simply calculating the number of treatment visits involved.[30] Rather, the test is whether the frequency and character of the visits conforms to what is medically necessary for the claimant's condition.[31] That said, however, courts do teach that the number of visits is relevant to determining if a medical provider is a treating source within the context of the "medically necessary" rubric outlined above. In particular, the Sixth Circuit has found that a doctor who only examined a patient on two occasions did not have a long-term perspective of that patient's condition and so was not a treating source.[32]

Accordingly, I am not persuaded that Dr. Perven is a treating source whose functional capacity opinion is entitled to the enhanced review applicable to such sources. The very language used by Dr. Perven in making a report of her examination of Bunn to Dr.

---

1496. However, I have not located any evidence of such a visit in the record. Thus, when Dr. Peven notes in her answers to the questionnaire dated May 8, 2013 that she has seen Bunn "2x / 6 months," with the first appointment in October, 2012 - the date of the consult requested by Dr. Chodisetty - the strong implication is that the only other time Dr. Peven saw Bunn was in connection with her completing the questionnaire in May, 2013.

[29] 2015 WL 3454743 (N.D. Ohio May 29, 2015).

[30] *Id.* at * 6 (citation omitted).

[31] *Id*. (citation omitted).

[32] *Id*. (citing *Yamin v. Commissioner of Soc. Sec.,* 67 F. App'x 883 (6th Cir. 2003); *see also*, *West v. Comm'r of Soc. Sec*., No. 1:14-cv-00672, 2015 WL 691313, at * 7 (N.D. Ohio Feb. 18, 2015)(Gwin, J. adopting the report and recommendation of Knepp, M.J.)(physician who saw claimant only once and physician who saw claimant three times were not treating sources).

Chodisetty and in thanking Dr. Chodisetty for referring Bunn to her office, makes it plain that this visit was a consultative examination, not the beginning of a treating relationship. Further, a treatment relationship cannot be established by boot strapping a second visit to the initial consultation, when that second meeting was not "medically necessary" but was apparently only done in connection with Bunn's counsel seeking a functional capacity opinion from Dr. Perven.

That said, the ALJ accurately stated that while Dr. Perven is an acceptable medical source, he is not a treating source.[33] Accordingly, without the need to conform to the rubrics of the treating source rule, the ALJ proceeded to assign Dr. Perven's functional capacity opinion "limited weight" for the reason that the greater limitations expressed in Dr. Perven's opinion are not consistent with the views of Dr. Chodisetty and the records from Toledo Neurological Associates, a medical practice, as noted, which does have a more extensive treating relationship with Bunn.[34] As stated by the ALJ, the treatment records from Toledo Neurological Associates show Bunn's headaches are well managed with medication, and Dr. Chodisetty agreed with that finding, observing as well that the headaches do not appear to interfere with Bunn's normal activities.[35]

Accordingly, because Dr. Perven is not a treating source, the ALJ's reasons for assigning little weight to her functional capacity opinion are not reversible error. Based on

---

[33] Tr. at 48.

[34] *Id.*

[35] *Id.*

the record, it was proper for the ALJ to base her findings here on Dr. Perven's very limited relationship with Bunn and on the inconsistency of her opinion with the records and opinions of the medical practice that has a more extensive treatment relationship with Bunn.

## Conclusion

Therefore, for the reasons stated above, the decision of the Commissioner denying Bunn's application for benefits is affirmed.

IT IS SO ORDERED.


Dated: March 24, 2016                                              s/ William H. Baughman, Jr.
                                                                   United States Magistrate Judge